IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 399 HEALTH AND WELFARE FUND, an employee welfare benefit fund, and VALERIE JO COLVETT, a trustee,<br><br>              Plaintiffs<br>v.<br><br>WALSH, KNIPPEN, POLLOCK & CETINA, CHARTERED, a professional corporation, and ALAINA SHEEHY,<br><br>              Defendants. | Case No. 15 C 7143<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs International Union of Operating Engineers Local 399 Health and Welfare Trust Fund and Valerie Jo Colvett, one of its trustees, (jointly as the "Fund") have sued defendants Walsh, Knippen, Pollock & Cetina ("Walsh") and Alaina Sheehy under Section 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3), seeking an injunction prohibiting defendants from taking any action to invalidate or reduce an alleged equitable lien created by the terms of the plan and reimbursement agreement signed by Sheehy, which provide for 100% reimbursement of benefits amounts paid from a claim resulting from the accident in which she was injured. Defendants have moved to dismiss based on the Anti-Injunction Act, 28 U.S.C. § 2283. For the reasons described below, that motion is granted.

## BACKGROUND

The Fund is an ERISA regulated employee welfare benefit plan. Colvett is a trustee and fiduciary of the Fund. Defendant Walsh is a law firm with offices in DuPage County, Illinois. Defendant Sheehy was a plan participant eligible to receive benefits from the Fund. In 2011

Sheehy was injured in an automobile crash. The Fund paid $176,881.10 to cover Sheehy's medical expenses. The plan terms specifically excluded application of the Illinois common fund doctrine, stating in section 2.20(D), "[t]he plan is entitled to payment in full, without set-off of attorney's fees, of 100% of the benefits paid, whether or not the Participant is made whole." After the accident, Sheehy entered an agreement with the Fund promising to reimburse it with any settlement money she received. The reimbursement agreement also included a provision that barred application of the common fund doctrine to the Fund's reimbursement.

Defendant Walsh represented Sheehy in an action against the third-party that caused the accident. Walsh obtained the settlement in that lawsuit plus an additional settlement in an underinsured motorist claim, totaling $248,035.40. Walsh then paid the Fund $176,881.10 in full reimbursement of the amounts owed by Sheehy under the plan and reimbursement agreement.

Walsh then sued the Fund in the Circuit Court of DuPage County, Illinois under the common fund doctrine, seeking $58,960.37 (one-third of $176,881.10) in attorney's fees for its legal services in creating the settlement fund from which the Fund's claim for reimbursement was satisfied. The Fund removed the case to this court, arguing that complete preemption under ERISA § 502(a) provided subject matter jurisdiction. See e.g., Hart v. Wal-Mart Stores, Inc. Associate's Health and Welfare Plan, 360 F.3d 674, 678 (7th Cir. 2004). This court disagreed, citing Primax Recoveries, Inc. v. Sevilla, 324 F.3d 544, 549 (7th Cir. 2003), which held that "when an attorney files a claim for fees under the Common Fund Doctrine, an ERISA plan's language is 'irrelevant, since the lawyer whose claim to restitution is at stake was not a party to the plan and so is not bound by limitations in it of his legal rights.'" Walsh, Knippen, Pollock &

Cetina, Chartered v. International Union of Operating Engineers, Local 399 Health and Welfare Trust Fund, 2015 WL 1777449, *3 (N.D. Ill. April 15, 2015) (quoting Primax Recoveries, 324 F.3d at 549). Consequently, the court remanded the case to the Circuit Court of DuPage County, where it remains pending. In the instant suit, the Fund seeks an order enjoining Walsh from prosecuting the state court action.

**DISCUSSION**

Walsh argues that the relief requested by the Fund in the instant action is prohibited by the Anti-Injunction Act, 28 U.S.C. § 2283, which provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The Anti-Injunction Act assures "the fundamental constitutional independence of the States, . . . under which State proceedings 'should normally be allowed to continue unimpaired by intervention of the lower federal courts.'" Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis v. Darr, 694 F.3d 803, 807 (7th Cir. 2012) (quoting Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988)). A district court may enjoin pending state litigation only if the injunction falls within one of the Act's three express exceptions, and those "three exceptions are to be applied narrowly, and 'any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'" Zurich American Ins. Co. v. Sup. Ct. for the State of Cal., 326 F.3d 816, 824 (7th Cir. 2003) (quoting Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297 (1970)).

3

The Seventh Circuit's opinion in Darr is directly on point and, as argued by Walsh, controls this court's decision. In Darr, the beneficiary of an ERISA fund was injured in an accident. The fund advanced $86,709.73 in benefits. The plan and a separate agreement signed by both the beneficiary and his attorney required the beneficiary to repay the full amount in benefits received without deducting attorney's fees. After the beneficiary received a $500,000 settlement from the third-party responsible for the injury, he (and the attorney) paid the fund the full $86,709.73 it had advanced, but the attorney maintained that he had a lien on $28,903.25 (one-third of the settlement amount less what was owed to the fund). The lawyer sued the fund in state court to recover the $28,903.25 under the common fund doctrine. In response, the fund sued the lawyer and beneficiary in federal court seeking to enjoin the lawyer from proceeding with the state court action. The Seventh Circuit reversed the district court's grant of an injunction, concluding that none of the three express exceptions to the Anti-Injunction Act applied, specifically noting that "plan terms about a matter tangential to core federal interests are not a sufficient basis for an injunction against the state law claim simply because the state law claim may trigger a liability the plan intended to place on beneficiaries." Darr, 694 F.3d at 810.

Recognizing that it cannot be distinguished factually, the Fund incorrectly argues that Darr has been implicitly overruled by U.S. Airways v. McCutchen, __ U.S. __, 133 S.Ct. 1537 (2013). In McCutchen, the beneficiary was severely injured in a car crash. The fund paid $66,866 in medical expenses arising from the accident. The beneficiary hired attorneys to seek recovery of all medical expenses, expected to exceed $1 million. The attorneys sued the driver responsible for the accident, but settled for $10,000 because the driver had limited insurance coverage and the accident had killed or severely injured three other people. The attorneys also

4

secured $100,000 from the beneficiary's own automobile insurer. After deducting the attorney's fees, the beneficiary recovered $66,000. The fund demanded reimbursement of the $66,866 it had paid in benefits as required by the plan documents. The beneficiary denied that the fund was entitled to any reimbursement, but the attorney placed $41,500 in an escrow account pending resolution of the dispute. That amount represented the fund's full claim minus a proportionate share of the promised attorney's fees. Id. at 1543.

The fund then sued the beneficiary in federal court under § 502(a)(3), seeking appropriate equitable relief to enforce the plan's reimbursement provision. The suit requested an equitable lien on $66,866. The beneficiary argued that the fund was required to contribute its fair share of the costs he incurred to secure his recovery. The district court granted summary judgment to the fund, holding that the plan clearly and unambiguously provided for full reimbursement of the medical expenses paid. The Third Circuit vacated the district court's order, concluding that in a suit for appropriate equitable relief under § 502(a)(3) the court must apply any equitable doctrines and defenses, including the principle of unjust enrichment, which forms the basis of the common fund doctrine. Id. at 1544.

The Supreme Court disagreed with the Third Circuit, holding that "in an action brought under § 502(a)(3) based on an equitable lien by agreement, the terms of the ERISA plan govern and neither general principles of unjust enrichment nor specific doctrines reflecting those principles – such as the double-recovery or common-fund rules – can override the applicable contract." Id. at 1551. Because, however, the applicable plan reimbursement provision did not expressly address attorney's fees or other costs of recovery, the Court held that the common fund

5

rule "informs interpretation" of the reimbursement provision, and that the provision was "properly read to retain the common fund doctrine." Id.

In the instant case, the Fund argues that because its reimbursement provision and agreement both address the costs of recovery, specifically indicating that the Fund is to be reimbursed in full without deduction for attorney's fees, the first part of McCutchen's holding, that the contract terms govern over equitable defenses, applies. McCutchen, however, involved a lawsuit by the fund against a beneficiary who was a party to the plan agreement. In the instant case, the Fund has failed to explain how the terms of the agreement can justify an injunction against Walsh, which is not a party to the plan or that agreement. Thus, the Supreme Court's decision in McCutchen holds only that parties to a plan agreement can be held to the specific terms of that agreement without regard to equitable defenses, even in a suit for equitable lien brought under § 502(a)(3). McCutchen has no impact on Darr, which held that a suit brought under § 502(a)(3) against a non-party to a plan seeking to enjoin that non-party from proceeding against a fund in state court is prohibited by the Anti-Injunction Act. Darr remains good law, and this court is bound to honor it. Consequently, Walsh's motion to dismiss is granted.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss (Doc. 10) is granted.

**ENTER:** **November 13, 2015**

       _____
       **Robert W. Gettleman**
       **United States District Judge**